REQUESTED BY: Senator Marge Higgins Member of the Legislature State Capitol Building Lincoln, Nebraska 68509
Dear Senator Higgins:
You have asked our opinion as to the constitutional validity of LB 256. This bill would amend Neb.Rev.Stat. 77-208(1)(d) (Reissue 1976). Neb.Rev.Stat. 77-2702(12)(a)(iv) (1980 Supp.) includes in the definition of retailer, `every person engaged as a public utility in furnishing telephone, telegraph, gas, electricity, sewer, and water service, and every person engaged in furnishing community antenna television service as defined in subdivision (4)(b) of this section.'
Neb.Rev.Stat. § 77-2703 (Reissue 1976) requires retailers to collect the sales tax from the consumer. Section77-208(1)(d) now provides that the taxpayer (i.e. the retailer collecting the tax) shall deduct from such taxes to be remitted to the Tax Commissioner three percent thereof to reimburse himself for the cost of collecting the tax. LB 256 would amend this subsection by providing that such withholding shall not apply to public utilities.
We cannot at this point say categorically that this amendment is or is not valid, but it appears to be constitutionally suspect as constituting unreasonable classification.
Article III, section 18 of the Nebraska Constitution provides, with certain exceptions, that where a general law can be made applicable, no special law shall be enacted. This provision has been construed many times to prohibit the Legislature from creating unreasonable classes. The rule is that the Legislature may make a reasonable classification of persons, corporations, and property for purposes of legislation concerning them, but the classification must rest upon real differences of situation and circumstances surrounding the members of the class relative to the subject of legislation, which render appropriate its enactment. See, State exrel. Rogers v. Swanson, 192 Neb. 125, 219 N.W.2d 726 (1974).
LB 256 would make one class of all retailers collecting sales tax, except public utilities, and make a separate class consisting of public utilities, permitting the first class to be reimbursed for collecting the tax, and denying this right to the second class. It may be that some factual showing could be made that public utilities incur no expense in the collection of the tax, or incur less than other retailers. Or some other justification may exist which is not readily apparent to us. In any event, the court would have to be convinced that such a `difference of situation or circumstances' existed before the act could be upheld.
We point out that § 77-2702(12)(a)(iv) more or less lumps together public utilities and persons furnishing community antenna television service, without defining the furnishers of the television service as public utilities. Therefore, under LB 256, the public utilities could not withhold the three percent of their sales tax collections, whereas the furnishers of the television service could. In many respects the two classes seem very similar, and it would be hard to distinguish between them.
In summary, if the Legislature were to enact this bill on the basis of some supportable conclusion on its part that substantial differences, relevant to the legislation, exist between public utilities and other retailers, the act could probably be sustained. Such differences are not readily apparent, however, and, at the moment, we consider the bill's validity doubtful.
Very truly yours, PAUL L. DOUGLAS Attorney General Ralph H. Gillan Assistant Attorney General